**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6603

THERL TAYLOR,

Plaintiff – Appellee,

v.

WARDEN LEVERN COHEN, individually and/or in his official capacity as Warden of Ridgeland Correctional Institution,

Defendant – Appellant,

and

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,

Defendant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Senior District Judge. (0:19−cv−02105−JFA)

Argued: September 19, 2023                Decided: December 14, 2023

Before DIAZ, Chief Judge, and WILKINSON and BENJAMIN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ARGUED:** Carmen Vaughn Ganjehsani, RICHARDSON, PLOWDEN & ROBINSON, PA, Columbia, South Carolina, for Appellant. Gabrielle Anna Sulpizio, BELL LAW

FIRM, Georgetown, South Carolina, for Appellee. **ON BRIEF:** Drew Hamilton Butler, RICHARDSON, PLOWDEN & ROBINSON, PA, Mt. Pleasant, South Carolina, for Appellant.  J. Edward Bell, III, BELL LAW FIRM, Georgetown, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Warden Levern Cohen appeals from the district court's order denying his motion for summary judgment on qualified immunity. But because Cohen didn't specifically object to the magistrate's qualified immunity determination, Cohen failed to preserve this issue for appeal. As a result, we dismiss the appeal.

I.

Five inmates at the Ridgeland Correctional Institution sued the South Carolina Department of Corrections and Warden Cohen after being attacked by other inmates at the facility. Four of those inmates have since settled their claims, and so only Therl Taylor's claims are at issue in this appeal. Taylor asserts that Cohen violated his Eighth Amendment rights by failing to protect him from the attack, and by failing to train and supervise subordinates.

The record evidence showed the following: Inmates at Ridgeland are housed in units with two wings, such that an officer on one wing can't see what's happening in another wing. Ridgeland has limited video surveillance. The facility is also severely understaffed, and employees routinely oversee multiple posts. And it's common for only one officer to be assigned to a unit at a time.

Seizures of contraband and inmate assaults are common at Ridgeland. In 2014, corrections officers confiscated 278 knives or shanks from inmates. That number increased to 407 in 2015, and 414 in 2016. There were also 26 instances of inmate-on-inmate assaults in 2015, 56 in 2016, and 41 in 2017. Warden Cohen is briefed weekly on contraband

incidents and major assaults, reviews all grievance reports submitted by inmates, and is advised of gang activity. Cohen also knows corrections officers have brought in contraband.

In 2016 and 2017, there were a series of assaults in the Ridgeland dorms. In April 2016, Joseph Wilson was stabbed in his cell after a corrections officer left the wing. A month later, Cohen issued a "Post Order" which, among other things, directed officers to "remain on [their] assigned wing at all times to maintain sight and sound of inmates." J.A. 448. Still, several inmates were stabbed during a prison riot in July 2016 after inmates were let out of their cells while there was no corrections officer on the wing. In December 2016, Taylor suffered a similar attack. A group of inmates dragged Taylor into a cell where they kicked and hit him with a lock on his head and right eye. He was hospitalized for eight days and spent another five in the prison infirmary.

Taylor sued the South Carolina Department of Corrections and Warden Cohen, alleging, as relevant here, that Cohen failed to protect him from violence by other inmates, in violation of the Eighth Amendment. The magistrate judge recommended that summary judgment be denied on this claim.

The magistrate judge found that there was evidence to support Taylor's argument that a substantial risk of serious harm was "longstanding, pervasive, and well-documented" before his attack. J.A. 1539. The magistrate judge highlighted that (1) Ridgeland was understaffed; (2) the understaffing increased the number of contraband incidents and assaults; and (3) Warden Cohen was aware of contraband incidents and inmate assaults.

4

The magistrate judge also found that there was "no evidence" that Cohen "took *any* steps" to address the staffing issues or violations of his policy that officers remain on their assigned wings. J.A. 1540. Thus, the magistrate judge found that there were genuine disputes of fact as to (1) whether Cohen was deliberately indifferent to a threat to Taylor's safety; (2) whether Cohen properly trained his staff; and (3) whether Cohen adopted reckless policies.

The magistrate judge also denied qualified immunity, noting that it has "long been established" that prison officials have a duty to protect inmates from harm at the hands of other inmates. J.A. 1544. And because "[q]uestions of fact exist[ed] with regards to whether Cohen violated [Taylor's] clearly established rights," the magistrate judge could not "determine at this time whether Cohen's actions were objectively reasonable." J.A. 1544.

Cohen objected to the magistrate judge's analysis of the Eighth Amendment claim. He argued that the cases the magistrate judge relied on were distinguishable, that the magistrate judge gave too much weight to an expert report about Ridgeland's conditions, and that the number of assaults at Ridgeland weren't enough to make Cohen aware of a substantial risk of harm. The district court overruled the objection and adopted the magistrate judge's report and recommendation. The court did not separately discuss qualified immunity.

Cohen timely appealed. Taylor moved to dismiss the appeal for lack of jurisdiction, and we deferred ruling on the motion pending briefing on the merits.

5

II.

Generally, a district court's denial of summary judgment on qualified immunity grounds is immediately appealable under the collateral order doctrine. *Mitchell v. Forsyth*, 472 U.S. 511, 528–30 (1985). But that's so only if the order turns on a question of law. *Id.* at 530. We lack jurisdiction to review a district court's summary judgment order "insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).

"Whether we agree or disagree with the district court's assessment of the record evidence" is "of no moment." *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010). When a district court denies summary judgment because there are genuine disputes of material fact, "we may consider only 'the facts as the district court viewed them as well as any additional undisputed facts,' and our review is limited to the legal question of whether the court correctly denied summary judgment on those facts." *See Cox v. Quinn*, 828 F.3d 227, 235 (4th Cir. 2016) (quoting *Danser v. Stansberry*, 772 F.3d 340, 345 (4th Cir. 2014)).

Taylor argues that we lack jurisdiction to consider Cohen's appeal. We agree in part. Cohen contends that the magistrate judge and district court gave too much weight to an expert report about Ridgeland's conditions, and not enough weight to the steps Cohen took to limit violence in the prison. We lack jurisdiction to review those arguments. *See Culosi*, 596 F.3d at 201. But that Cohen disputes the district court's assessment of the record evidence doesn't deprive us of jurisdiction to review any legal issues properly presented. *Connor v. Thompson*, 647 F. App'x 231, 236 (4th Cir. 2016) (per curiam)

("[O]ccasional reference to alternative views of the facts does not strip the jurisdictionally appropriate claim from the case.")

And we discern two legal questions in Cohen's briefing. *See Yates v. Terry*, 817 F.3d 877, 883 n.3 (4th Cir. 2016) (reviewing arguments on appeal to determine the scope of jurisdiction). First, whether the conditions at Ridgeland are insufficient as a matter of law to amount to a substantial risk of harm. Second, whether violations of prison policy by a subordinate officer can establish supervisory liability. We have jurisdiction to review "the facts as the district court viewed them as well as any additional undisputed facts" and determine whether the court "correctly denied summary judgment on those facts." *Cox*, 828 F.3d at 235 (quoting *Danser*, 772 F.3d at 345).

### III.

But another preliminary issue complicates our review. Because it wasn't clear that Cohen objected to the magistrate's report and recommendation on qualified immunity grounds, we asked for supplemental briefing as to whether Cohen preserved this issue on appeal. We conclude that he hasn't.

A party generally forfeits an objection to a magistrate judge's report if he doesn't present that claim to the district court. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017). To preserve the issue, the party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).

7

Cohen didn't object to the magistrate judge's report with specificity. The magistrate judge recommended denial of summary judgment on Taylor's Eighth Amendment claims, and also recommended denial of qualified immunity. Cohen made four arguments for why the magistrate judge was wrong not to dismiss Taylor's Eighth Amendment claim, but none mentioned qualified immunity.

On appeal, Cohen contends that he preserved his qualified immunity arguments by objecting to the "underpinnings" of the report recommending denial of his motion for summary judgment on the Eighth Amendment claim. In other words, Cohen claims that his objection to the report was also, in effect, an objection to the first prong of the qualified immunity analysis. And he maintains that this was enough to preserve his qualified immunity claim on appeal.

We disagree. Nothing in Cohen's objection to the magistrate judge's report specified that the "true ground for [his] objection" was qualified immunity. *Martin*, 858 F.3d at 245 (quoting *Midgette*, 478 F.3d at 622). Cohen didn't mention qualified immunity nor brief the relevant law. Although Cohen's objection to the report's analysis of Taylor's Eighth Amendment claim overlaps with qualified immunity arguments he could have made, he failed to make those arguments in his objection to the district court.

And it's apparent that the district court didn't think it was ruling on qualified immunity. The court acknowledged that the magistrate judge recommended denying qualified immunity, but didn't otherwise discuss the issue or mention its standards. Under these circumstances, we can't say that Cohen's objections were specific enough to "reasonably alert the district court of the true ground for [his] objection." *Id.*

8

We, of course, may exercise our discretion to review issues raised with the magistrate judge but forfeited in the district court when it's in the interest of justice to do so. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 103–04 (4th Cir. 2020).  But we've done so only where the correct resolution of the unpreserved claim was "beyond doubt." *See id.* at 105; *Wiener v. AXA Equitable Life Ins. Co.*, 58 F.4th 774, 784 (4th Cir. 2023).

Because that isn't the case here, we decline to exercise our discretion to excuse Cohen's forfeiture. *See United States v. Aguirre-Cuenca*, No. 21-4307, 2023 WL 245710, at *2 (4th Cir. Jan. 18, 2023) (declining to review unpreserved claim because the proper resolution of the issue wasn't beyond doubt).

*DISMISSED*